(Nos. 4516-4517—Consolidated—Claimants awarded $3,000.00 and $6,000.00, respectively.)

PAULINE HOWARD AND LEE R. HOWARD, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 31, 1953.*

SCHMIEDESKAMP AND DEEGE, Attorneys for Claimants.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FARTHING, J.

Claimants are husband and wife. Their complaints were filed on June 13, 1952, and amended October 27, 1952. They seek awards for injuries and property loss suffered in a collision between the automobile they were driving, and a truck of respondent on State Highway No. 61 on December 17, 1951 about 4:30 P.M.

The file for our consideration consists of a complaint and amendment thereof in each case, transcript

of evidence, abstract, claimants' statement, brief and argument, and the Commissioner's report.

At the hearing of this cause on March 20, 1953, leave having been given, counsel for claimants amended the two amended complaints by increasing the ad dannum from $2,500.00 to $7,500.00.

The claimant, Lee R. Howard, aged 62, a rural mail carrier for approximately 41 years, of Stillwell, Illinois, and Pauline Howard, his wife, were in Bowen, and were driving to Quincy, Illinois over State Highway No. 61 on December 17, 1951 about 4:30 P.M. When they reached a point one-half mile east of the Loraine Junction, claimants were driving west on the north half of the paved road. Mr. Howard was driving their 1950 Model Kaiser De Luxe automobile. At the point mentioned above, there is a hill. Snow was falling at the time, and the highway was slippery. The brakes, tires and automobile were in good condition. Mr. Howard was driving at about 40 miles per hour. When he reached the crest of the hill, he saw the respondent's highway truck headed west also, but standing on the pavement about 40 feet away. Mr. Howard put his brakes on lightly, but, because of the icy pavement, the car skidded, and the brakes did not help. Howard saw a third car was approaching at this point from the west, and there was an embankment sloping up from the pavement on the north at an angle of 45 degrees with no ditch there. Howard could neither pass the respondent's truck on the north, nor on the south, and his brakes were of no help. Claimant's car struck respondent's truck. Mr. Howard was thrown into the windshield, and against the steering wheel, which broke. His head was cut, an artery was severed, ligaments in his neck were strained, he suffered bruises, cuts, con-

tusions, an injury to his cervical spine, a cerebral concussion, was in the hospital, suffered from dizziness three weeks, and was off from his work six weeks. He earned $375.00 a month. Mrs. Pauline Howard's forehead was cut so that twelve stitches were made necessary, and she sustained a brain concussion. Two of her teeth were chipped, and loosened. Her chest was bruised, a rib was broken, both bones were broken in one wrist, and one leg and ankle were injured. She remained in the hospital three weeks and one day. Mrs. Howard could do very little about her housekeeping for another month, and for six months had to hire help. She is 55 years old. The hospital bills and doctor's bill amounted to $695.00, and Mrs. Howard's dental bill was $50.00. Howard's automobile had to be sold for salvage, and brought $210.00, a loss of $985.00.

Mr. Howard could not see the truck until he got to the top of the hill. When complainants reached the top of the hill, there was no level space, but the highway sloped down towards the west immediately. Howard testified there was a level shoulder on the north side of the paved surface, approximately 15 feet wide, at a point 60 feet west of the collision point.

Dr. Aldo K. Germann treated both complainants. His charges totalled $447.75. In his opinion, Mr. Howard suffered an injury to the intervertebral disc lying between the seventh and eighth cervical vertebrae. In his opinion, both Mr. and Mrs. Howard suffered permanent injuries. Respondent had three employees: Gay Brown, who drove; and Francis M. Hardy and Claude Caley, who were using a Ford truck, to which a snow plow was attached. On December 17, 1951, these men plowed snow off of the road, and spread cinders on Bear Creek Hill. They were going west on Route No. 61

about dusk. It was snowing hard, as shown by Gay Brown's testimony. They passed the scene of this collision, stopped, backed their truck up the hill 40 feet or more, stopped again, and the driver, Brown, got out of the truck to look at the pavement. He saw the Howard car approaching from the rear. Mr. Howard put his brakes on, his car skidded across the road, and went from side to side. Brown said he could tell there would be a collision, and that he got back into the truck, shut the door, and put on the brakes. He said this was to keep himself, and his two helpers, who were in the seat with him from getting hurt. He said this hill is about a quarter of a mile long, and admitted that farther down the truck could have been pulled off the pavement, near the foot of the hill. He said his lights were on, but admitted no flares or other warnings were shown, in addition to what were actually on his truck. No work had been done at the time on the north half of the pavement at this point. Snow had made the road slick. The Howard car pushed the truck about 20 feet down the hill. Mr. Hardy was not sure, but thought the truck was moving slowly, and about to stop when the collision occurred. He said he struck his head against its door frame, was knocked out, but came to, and got out of the truck. He testified the truck lights were on before and after the collision.

Mr. Claude Caley was unable to tell whether the truck had come to a stop. He testified that its lights were on. Like Brown and Hardy, he said no signal flares or flags had been put out by the respondent's employees, other than what the truck had on it. He said they were about to spread some cinders on this hill. These witnesses placed the truck about 400 feet west of the crest of the hill, whereas claimants, and

their witnesses, gave that distance as from 40 to 60 feet.

In spite of the difference as to the distance from the crest of the hill in question to the scene of the collision, the testimony of respondent's own witnesses shows that the collision was imminent when the Howard car came in view. It was after 4:00 P.M., and snow was falling. The road was slick. Brown, the truck driver, said he had stopped his truck, shifted into reverse, backed up the hill, stopped his truck, stepped out of the cab. He saw the Howard car, feared a collision, got in, shut the truck cab door, put on the brakes. The truck was struck, and moved forward down the hill about 20 feet. A person of ordinary prudence, exercising reasonable care for his own safety and the safety of others on the highway, would not stop a truck attached to a snow plow, in snowy weather, on a slick hill, back it up the hill, stop again, get out, hasten back, and put on the brakes of the truck, when he had just observed a car at close range approaching down the hill from his rear.

We need not go into the counts of the amended complaint in detail. We are of the opinion that respondent's employee, Gay Brown, was guilty of negligence, and that this is proved by his own testimony. This was the proximate cause of the injuries and loss the complainants have suffered.

Taking into consideration the property damage, medical and hospital bills, pain, suffering, loss of wages, and the permanent injury to his cervical spine, in our opinion $6,000.00 is due Lee R. Howard, the complainant in Case No. 4517. Pauline Howard, the complainant in Case No. 4516, did not incur as great property damage, and, while both bones were broken

in one arm at the wrist, and she suffered two large cuts that had to be sutured, her permanent injury is not as great as that of her husband. Her injuries are not trifling and, in our judgment, she is entitled to $3,000.00. An award is, therefore, made in favor of the complainant, Lee R. Howard, in the one case for $6,000.00, and in favor of Pauline Howard, the complainant in the remaining case, for $3,000.00 against the respondent, the State of Illinois.